(85 Misc. Rep. 437)

### PINES v. EITINGON.

(Supreme Court, Appellate Term, First Department. May 21, 1914.)

ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 36*)—TRUST AGREEMENT—CONSTRUCTION.

After the goods of a debtor were destroyed by fire, plaintiff, a creditor, entered into an agreement appointing a trustee to collect the assets, including claims on insurance policies, and to pay out of all the proceeds, (1) the expenses of administration, (2) creditors whose claims did not exceed $500, and (3) creditors whose claims exceeded $500, each pro rata according to the amount of the assets, and providing that, if suits on the policies failed by reason of the debtor's fraud, the agreement and the trust thereby created should be void. The assets collected were sufficient to pay all claims for less than $500 in full, but suits on the policies were contested on the ground of the debtor's fraud. Held, that a successful defense of the suits on the ground of fraud nullified the agreement ab initio, so that a creditor to an amount less than $500 was not entitled to any distribution of assets until the suits resulted in a recovery.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 119–148; Dec. Dig. § 36.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Abraham Pines against Waldemar Eitingon, as trustee of the estate of Samuel Weiner, etc. Judgment for plaintiff entered after a trial upon agreed statement of facts by a judge without a jury, and defendant appeals. Reversed, and complaint dismissed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued May term, 1914, before GUY, BIJUR, and PENDLE-TON, JJ.

Rosenthal & Heermance, of New York City, for appellant.

Henry H. Silver, of New York City, for respondent.

BIJUR, J. This appeal raises only a question as to the construction of an instrument. Fire destroyed the goods of a certain firm. Plaintiff and others were creditors of said firm. All the creditors entered into an agreement appointing the defendant trustee to collect the assets of the firm including the claims on the policies of fire insurance. The trustee was authorized to pay out of all the proceeds, first, the expenses of administration, wages, etc., next, creditors who hold claims not exceeding $500 each, and, third, creditors whose individual claims exceed $500 each, pro rata according to the amount of assets collected. Plaintiff is a creditor to the amount of less than $500. It is stipulated that the proceeds of the assets collected now in the hands of the trustee are sufficient to pay all the expenses of administration and all the creditors for less than $500, each, in full, and that suits have been instituted on the fire insurance policies, but that said suits are being contested on the ground of fraud committed by the assured. This last-mentioned fact raises the question at issue.

The trust and composition agreement contains the following clause:

"In the event that suits shall be brought on the aforesaid fire insurance policies which shall be unsuccessful by reason of fraud or misrepresentations on the part of the parties of the first part, then this agreement and the trust thereby created shall be null and void."

It seems to me that the meaning of this clause is that a successful defense of the suit on the policies on the ground of the fraud of the assured nullifies the agreement ab initio, and that the class of small creditors is not entitled to any distribution of the assets until the suits as brought have resulted in a recovery. If that were not so, the clause would be without any meaning. If its only purpose were to defeat a distribution to the large creditors in the event of failure of recovery, it would be unnecessary to provide for the nullification of the agreement in that event, because the distribution to the large creditors would be, from the very nature of the case, substantially defeated in the event of failure of recovery on the policies even though the agreement then remained in force.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.